**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN EMELIN OLIVO, | No. 09-70218 |
| Petitioner, | Agency No. A094-915-810 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014**

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Karen Emelin Olivo, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's finding that Olivo failed to show the government of El Salvador was unwilling or unable to control the individuals who harmed her.  *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1070-72 (9th Cir. 2005) (failure to report non-governmental persecution due to belief that police would do nothing did not establish that government was unwilling or unable to control agent of persecution).  Accordingly, Olivo's asylum claim fails.

Because Olivo failed to meet the lower burden of proof for asylum, her claim for withholding of removal necessarily fails.  *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the agency's denial of CAT relief because Olivo failed to show it is more likely than not she will be tortured with the consent or acquiescence of the government if returned to El Salvador.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

09-70218